The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner John A. Hedrick. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except with regard to the modification for credit for long-term disability as reflected in Finding of Fact Number 9, Conclusion of Law Number 4 and Award Number 3.
STIPULATIONS
1. On the date of plaintiff's alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant-employer.
3. Plaintiff's average weekly wage was $370.69.
4. Defendants paid plaintiff temporary total disability compensation from 28 August 1994 through 14 December 1994.
5. Plaintiff has been out of work continuously since 14 December 1994.
6. Plaintiff has received benefits through a self-administered short-term disability policy provided by Taco Bell, and has received total benefits in the amount of $8,970.00, and defendants are entitled to a credit against temporary total disability benefits in this amount.
7. A set of exhibits attached to the parties' Pre-Trial Agreement, including medical records and discovery responses, is admitted into evidence.
EVIDENTIARY RULINGS
All objections raised during the deposition of Dr. Grubb was ruled upon in accordance with the law and the Opinion and Award rendered in this matter.
* * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. In August 1994, plaintiff was employed by defendant-employer as an assistant general manager in its restaurant located in Crabtree Valley Mall. Plaintiff had been employed by defendant-employer for approximately fourteen years. Plaintiff was responsible for opening and closing the restaurant, making deposits and counting cash register tills. Plaintiff was also responsible for ordering and stocking necessary restaurant supplies.
2. On 27 August 1994, plaintiff was lifting a cash register drawer when she felt a "pop" in her back after which she experienced pain in her back, legs, neck and arms. Plaintiff was then transferred to Rex Hospital. Plaintiff's sister provided defendant-employer with copies of physicians' notes and records that were generated as a result of the incident on 27 August 1994.
3. Plaintiff attempted to return to work for defendant-employer on 12 October 1994 but was unable to perform her usual duties due to pain. Plaintiff reported her inability to work to defendant-employer. Thereafter, plaintiff presented to Dr. Gwynn, who prescribed therapy sessions at Back Builders. Plaintiff was released to return to work in February 1995. When she attempted to return to work for defendant-employer, she experienced pain in her back and left leg that rendered her incapable of performing the assigned work.
4. On 31 January 1995, plaintiff presented to Dr. Grubb for a second opinion regarding her continued pain. Following an evaluation, Dr. Grubb excused plaintiff from returning to work. Dr. Grubb then ordered a discogram and post-discogram CT scan. Plaintiff's back and leg pain were caused by degenerative disc disease at L4-L5. Plaintiff's degenerative disc disease was caused or exacerbated by the incident on 27 August 1994.
5. Plaintiff's back and leg pain persisted through 27 July 1995 when Dr. Grubb performed a decompression and fusion at L4-L5. The fusion utilized a right iliac bone crest and hardware. Following her surgery, Dr. Grubb continued to provide plaintiff with treatment for her back and referred her to other medical care professionals within his practice who also provided plaintiff with treatment related to her injury on 27 August 1996. The treatment provided by Dr. Grubb and the other care providers within his practice tended to effect a cure, give relief or to lessen plaintiff's period of disability.
6. As of 27 August 1996, plaintiff had not reached maximum medical improvement. As a result of the incident on 27 August 1994, plaintiff has continued to be incapable of earning wages from defendant-employer or any other employer.
7. There is a substantial risk of the necessity of future medical compensation.
8. The temporary total disability compensation defendants paid plaintiff from 28 August 1994 through 14 December 1994 was not due and payable when paid.
9. Plaintiff has received benefits through a self-administered short-term disability policy provided by Taco Bell, and has received total benefits in the amount of $8,970.00. In addition, plaintiff has received benefits through the long-term disability policy, the premium for which was provided by both plaintiff and Taco Bell.
* * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 27 August 1994, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6).
2. As a result of her injury, plaintiff is entitled to payment of temporary total disability compensation at the rate of $370.69 per week from 28 August 1994 and continuing until further order of the Industrial Commission allowing defendant's to cease payment of temporary total disability compensation. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to payment of all medical expenses incurred as a result of her injury on 27 August 1994, including future necessary medical compensation. N.C. Gen. Stat. §97-25.1
4. Defendants are entitled to a credit against the temporary total disability compensation due plaintiff of $8,970.00 for short term disability payments made to plaintiff and to a credit for long-term disability payments made to plaintiff; however, in the latter instance, defendants' credit will be limited to the percentage to which defendants' contributed toward the premium. N.C. Gen. Stat. § 97-42.
5. Defendants are entitled to a credit against the temporary total disability compensation due plaintiff equal to the payments previously made to plaintiff for the period from 28 August 1994 through 14 December 1994. N.C. Gen. Stat. § 97-42.
* * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay plaintiff temporary total disability compensation at the rate of $370.69 per week from 28 August 1994 and continuing until further order of the Industrial Commission allowing defendant's to cease payment of temporary total disability compensation. This amount, to the extent that it has accrued, shall be paid in a lump sum, subject to the credits due defendants and the attorney's fee approved for plaintiff's attorney.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of her injury on 27 August 1994, including future necessary medical compensation.
3. Defendants shall receive a credit against the temporary total disability compensation due plaintiff under paragraph 1 of this Award of $8,970.00 for short-term disability payments made to plaintiff and to a credit for long-term disability payments made to plaintiff; however, in the latter instance, defendants' credit will be limited to the percentage to which defendants' contributed toward the premium. N.C. Gen. Stat. § 97-42.
4. Defendants shall receive a credit against the temporary total disability compensation due plaintiff equal to the payments previously made to plaintiff for the period from 28 August 1994 through 14 December 1994.
5. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under paragraph 1 of this Award is approved for plaintiff's attorney and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that amount and paid directly to plaintiff's attorney. Thereafter, plaintiff's attorney shall receive every fourth compensation check due plaintiff.
6. Defendants shall pay the costs, including an expert witness fee of $235.00 for Dr. Grubb.
This is the 27th day of May 1997.
 S/ ____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ____________ THOMAS J. BOLCH COMMISSIONER
S/ ____________ COY M. VANCE COMMISSIONER
DCS:jmf